UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORLANDO RYMER,

                    Plaintiff,

-against-

65 WEST 87TH STREET HOUSING
DEVELOPMENT FUND CORPORATION,
CHRISTINE ELBERT, ANTHONY
SARMIENTO, and ANGELA ROJO,

                    Defendants.

Case No. 20-cv-09599(ER)

**STIPULATION AND
PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.     Counsel for any party (or a non-party producing documents in response to a subpoena) may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client's information that is proprietary, a trade secret or otherwise confidential or sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.     All Confidential Information disclosed by either party or non-party will be used by the other party solely for the purpose of this litigation.

1

3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that documents or information marked as CONFIDENTIAL are appropriately designated, or that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information

4.    All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel, paralegals and other professional personnel (including support staff) who are assisting counsel in the prosecution or defense of the matter;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants, experts or any agent or personnel that are engaged in assisting in the prosecution or defense of the matter, to the extent deemed necessary by that party's counsel; and

   d. The Court and court personnel (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

   e. an officer before whom deposition is taken including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

   f.  trial and party deposition witnesses; and

   g. any other person agreed to by the Parties.

2

5.    Before disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person, other than those identified in paragraph 4 of this Stipulation and Order; and

   c. for consultants or experts assisting in the prosecution or defense of this matter, require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.    The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to later designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.    If a party inadvertently discloses Confidential Information, the party should immediately inform the other parties and take steps necessary to remediate the inadvertent disclosure.

8.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a

3

secure manner. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or shall constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9.    This Order shall be subject to Federal Rule of Evidence 502, to its fullest extent, and this Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.    To the extent the Parties wish to file documents that have been marked by the other Party (or a non-party) as "Confidential" pursuant to this Stipulation and Order, or any document which reproduces, paraphrases or discloses Confidential Information, the parties shall follow the Court's procedures for requests for filing under seal. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal.

11.    This Stipulation shall not preclude counsel for the Parties from using, during any deposition in this action, any documents or information which have been designated as "Confidential Information" under the terms hereof. However, any testimony regarding the "Confidential Information" shall also be marked "Confidential".

4

12.     Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13.     This Stipulation is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulation or any provisions thereof or to challenge any designation of confidentiality.

14.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

15.     This Stipulation and Order may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

16.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that counsel continues to abide by the terms of this Agreement.

17.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**STIPULATED AND AGREED:**

THE LAW OFFICES OF JOSEPH PACE

*Joseph Pace*

Joseph Pace

30 Wall Street, 8th Floor
New York, New York 10005
(917) 336-3948
*Attorney for Plaintiff*

BOYD   RICHARDS   PARKER   &
COLONNELLI, P.L.

Jacqueline L. Aiello

Jacqueline L. Aiello
Elissa Rossi

1500 Broadway, Suite 505
New York, NY 10036
(212) 400-0626
*Attorneys for Defendants*

SO ORDERED.

Hon. Edgardo Ramos
United States District Judge
April 10, 2023

6